THE STATE OF OHIO, APPELLEE, *v.* REESE, APPELLANT.

(No. 10761—Decided March 24, 1969.)

Mr. *Melvin G. Rueger* and *Mr. Carl W. Vollman,* for appellee.

Mr. *Louis J. Hendricks, Jr.,* for appellant.

SHANNON, P. J. This is an appeal on questions of law from a finding of guilt after trial without intervention of a jury on an indictment charging defendant, appellant herein, with possession of a hypodermic needle, pursuant to Section 3719.172, Revised Code.

On June 27, 1968, a police officer sought a search warrant and submitted in support of his application an affidavit which so far as is pertinent to the issue here stated that affiant's good cause to believe that certain items were concealed was "supported by the following facts: Source of confidential information."

The warrant was issued, and in the course of the search of defendant's apartment there was recovered not only the items described in the affidavit, but also the hypodermic needles and other paraphernalia upon which the indictment at bar rested subsequently.

A motion to suppress the evidence was filed, heard and overruled before trial and renewed, heard and overruled in the course of the trial.

It was contended below and forms the basis of this appeal that the failure to set forth the facts upon which the affiant based his belief in his affidavit constitutes a breach of the requirements of Section 2933.23, read *in pari materia* with Section 2933.22, Revised Code, and renders the search warrant issued pursuant thereto invalid.

Since the pronouncement of the Supreme Court of Ohio in *Akron* v. *Williams,* 175 Ohio St. 186, it has been the law of this state that:

"1. An affidavit, on which a search warrant is issued, which does not state the facts upon which the affiant bases his belief that the property for which the search is to be

made is located at the premises designated in the affidavit, is defective, and the search warrant issued pursuant to such a defective affidavit is invalid and void.

"2. Evidence seized under an invalid search warrant is not admissible, and a conviction in a criminal case which is based solely on such evidence is void."

The same conclusion was reached in *State* v. *Watson*, 117 Ohio App. 333, paragraph two of the syllabus of which declares:

"An affidavit for search warrant which states that complainant 'has knowledge from a reliable source' that the things to be searched for are kept in a specified building or buildings, but does not state the facts upon which his belief that contraband goods are there concealed is based, does not comply with the mandatory provisions of Section 2933.23, Revised Code."

Consequently, the motion to suppress the evidence should have been granted because the affidavit was defective, the language, "supported by the following facts: Source of confidential information," appearing therein, not being a sufficient statement of facts upon which belief is based.

It is apparent from the testimony that the conviction in the case at bar was based solely upon the evidence seized under the warrant which we have found to be invalid.

Therefore, the judgment of the Court of Common Pleas finding defendant to be guilty as charged in the indictment is reversed and the defendant discharged upon authority of *Akron* v. *Williams,* 175 Ohio St. 186.

*Judgment reversed.*

IILDEBRANT and IIESS, JJ., concur.